IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EARL L. DYESS | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 13-CV-0005-WDS |
| | ) | No. 09-CR-30153-WDS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is petitioner Earl Dyess's pro se "Emergency Writ of Habeas Corpus for Actual Innocence" (Doc. 1) and his motion for permission to amend (Doc. 3). The latter was filed in response to the Court's previous order advising petitioner that the Court intended to treat his emergency writ as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner's motion gives the Court his permission to do so. His motion for permission to amend (Doc. 3) is **GRANTED**. The Court has completed a preliminary review of petitioner's § 2255 motion pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.

Petitioner is an inmate at the Federal Correctional Institution in Terre Haute, Indiana. He is serving two concurrent sentences of 151 months in prison, having pleaded guilty in 2010 to two counts of distribution of crack cocaine, 21 U.S.C. § 841(a)(1). He was sentenced and judgment was entered on April 21 of that year (Docs. 31 & 33, No. 09-CR-30153-WDS).[1] He did not appeal.

Petitioner now challenges the Court's finding that he was a career offender under U.S.S.G. § 4B1.1. He says his prior state conviction in 2006, which he believes was for posses-

---

[1] An amended judgment to correct a clerical mistake was entered on May 7, 2010.

sion with intent to distribute 2.6 grams of cocaine, is not a qualifying offense for career-offender status.[2] He claims it was a misdemeanor punishable by up to six months in jail and a $1,500 fine. He believes the Court can review his procedurally defaulted claim because he is actually innocent.

A federal prisoner may attack his sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Under the *Rules Governing Section 2255 Proceedings for the United States District Courts*:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response … or to take other action the judge may order.

Rule 4(b); *see also* 28 U.S.C. § 2255(b). The court must accept a petitioner's factual allegations as true "except to the extent that they are inherently incredible, merely conclusory rather than statements of fact, or are contradicted by the record." *Eaton v. United States*, 458 F.2d 704, 706 (7th Cir. 1972).

There are several problems with petitioner's motion. First, he was convicted under 21 U.S.C. § 841(b)(1)(C), for which the maximum term of imprisonment is 20 years. He received less than 13 years (151 months). Therefore, he is not entitled to relief under § 2255, since he was not sentenced in excess of the maximum authorized by law. *See* § 2255(a); *Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010) (finding an enhanced sentence above the statutory maximum may allow for relief under § 2255(a)); *Scott v. United States*, 997 F.2d 340, 343 (7th Cir. 1993) ("A claim that the judge misapplied the Sentencing Guidelines does not … assert that the judge exceeded the statutory maximum.").

---

[2] He cites 720 Ill. Comp. Stat. 570/402.

Second, petitioner defaulted this claim by not raising it on appeal. He claims one of his prior convictions is not a qualifying offense for career-offender status. Yet previously he agreed with the Government that he qualified as a career offender (Plea Agreement, Doc. 26, § 2, ¶ 3, No. 09-CR-30153), he did not object at his sentencing, and he did not appeal. This claim is a nonconstitutional issue that could have been, but was not, raised on direct appeal. He therefore has defaulted it. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) (finding that the petitioner had defaulted a challenge to the validity of his plea by not contesting it on appeal); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

Third, petitioner's allegations about his 2006 conviction are inaccurate. It was not for possession with intent to distribute, or only a misdemeanor. He was convicted of unlawful delivery of more than one gram of a controlled substance (cocaine) to an individual within 1,000 feet of a public housing complex, a Class X felony. *See* 720 ILCS 570/401(c)(2), 407(b)(1); *People v. Dorris*, 638 N.E.2d 279, 280 (Ill. App. Ct. 1994); *People v. Pacheco*, 666 N.E.2d 370, 375 (Ill. App. Ct. 1996). He was sentenced to eight years in prison. Thus the Court remains convinced that it correctly determined his status as a career offender.

Finally, petitioner's motion is untimely. A motion under § 2255 is subject to a one-year period of limitations, which generally begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a defendant does not appeal, his conviction becomes final when the time for filing an appeal expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013); *see also Clay v. United States*, 537 U.S. 522, 527 (2003). A defendant has 14 days to file an appeal. *See Ryan v. United States*, 657 F.3d 604, 608 (7th Cir. 2011). So, after judgment was entered here, on April 21, 2010, petitioner had 14 days, until May 5, 2010, to appeal. He then had one year from that date, until May 5, 2011, to file his § 2255 motion. Since he did not file it until December 27, 2012, it is untimely.

3

For the reasons above, it plainly appears from petitioner's motion and the record of prior proceedings that he not entitled to relief. Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

Should petitioner wish to appeal, he must secure a certificate of appealability, either from this Court or from the Seventh Circuit. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right," § 2253(c)(2), which means, when the district court has denied the constitutional claims on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court does not find that petitioner has made a substantial showing of the denial of a constitutional right. He is not entitled to relief under § 2255, and his claim is otherwise defaulted, inaccurate, and untimely. A certificate of appealability will not be issued. If petitioner wishes to appeal, he may request that a circuit judge issue a certificate. *See* Fed. R. App. P. 22(b)(1).

This case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED: <u>April 8, 2013</u>**

                                    **/s/ WILLIAM D. STIEHL**
                                         **DISTRICT JUDGE**